# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2023**   **02770**
E-Filing Number: 2312050457

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LEVONYA BOND | WALMART |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3106 N. 27TH STREET<br>PHILADELPHIA PA 19132 | 1000 EASTON ROAD #200<br>WYNCOTE PA 19095 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | WALMART STORES INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 4301 BYBERRY ROAD<br>PHILADELPHIA PA 19154 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | WALMART STORES EAST LP |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 1000 EASTON ROAD #200<br>WYNCOTE PA 19095 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
2S – PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
DEC 26 2023
C. SMITH

**IS CASE SUBJECT TO COORDINATION ORDER?**   YES   NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>LEVONYA BOND</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| LOUIS B. HIMMELSTEIN | LOUIS B HIMMELSTEIN&ASSOCIATES<br>1420 WALNUT ST<br>SUITE 1000<br>PHILADELPHIA PA 19102 |
| PHONE NUMBER: (215)790-9996    FAX NUMBER: (215)790-9055 | |
| SUPREME COURT IDENTIFICATION NO.<br>41140 | E-MAIL ADDRESS<br>lawyers@himmelsteinlawoffices.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*LOUIS HIMMELSTEIN* | DATE SUBMITTED<br>Tuesday, December 26, 2023, 10:36 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**
1. WALMART
    1000 EASTON ROAD #200
    WYNCOTE PA 19095
2. WALMART STORES INC.
    4301 BYBERRY ROAD
    PHILADELPHIA PA 19154
3. WALMART STORES EAST LP
    1000 EASTON ROAD #200
    WYNCOTE PA 19095
4. JOHN DOE
    123 MAIN STREET
    ANYWHERE PA 00000

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MICHAEL D. RAISMAN, ESQUIRE
ID# 202776
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996 – Attorney for Plaintiff



*Filed and Attested by the Office of Judicial Records 26 DEC 2023 10:36 am C. SMITH*

| | |
|---|---|
| Levonya Bond | **COURT OF COMMON PLEAS** |
| 3106 N. 27th Street, Philadelphia, PA 19132 | **PHILADELPHIA COUNTY** |
| vs. | |
| Walmart | |
| 1000 Easton Road, #200, Wyncote, PA 19095 | |
| and | TERM, 2023 |
| Walmart Stores Inc. | |
| 4301 Byberry Road, Philadelphia, PA 19154 | |
| and | No.: |
| Walmart Stores East L.P. | |
| 1000 Easton Road, #200, Wyncote, PA 19095 | |
| And | CIVIL ACTION COMPLAINT |
| John Doe | |
| 123 Main St, Anywhere, USA 00000 | |

|  NOTICE  |  AVISO  |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION  Lawyer Referral and Information Service  One Reading Center Philadelphia PA 19107  215-238-6333 | ASOCIACION DE LICENIADOS DE FILADELFIA  Servicio De Referencia E Informacion Legal  One Reading Center Philadelphia, PA 19107  (215)238-6333 |

Case ID: 231202770

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MICHAEL D. RAISMAN, ESQUIRE
ID# 202776
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996 – Attorney for Plaintiff

_____
| | |
|---|---|
| Levonya Bond : | **COURT OF COMMON PLEAS** |
| 3106 N. 27th Street, Philadelphia, PA 19132 : | **PHILADELPHIA COUNTY** |
| vs. : | |
| Walmart : | |
| 1000 Easton Road, #200, Wyncote, PA 19095 : | |
| and : | TERM, 2023 |
| Walmart Stores Inc. : | |
| 4301 Byberry Road, Philadelphia, PA 19154 : | |
| and : | No.: |
| Walmart Stores East L.P. : | |
| 1000 Easton Road, #200, Wyncote, PA 19095 : | |
| And : | CIVIL ACTION COMPLAINT |
| John Doe : | |
| 123 Main St, Anywhere, USA 00000 : | |

_____

# C O M P L A I N T

     **COMES NOW**, Plaintiff, **Levonya Bond,** by and through her counsel, Louis B. Himmelstein & Associates, P.C., and claims damages of the Defendants, individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

     1.     Plaintiff, **Levonya Bond**, is an adult individual, citizen and resident of the City of Philadelphia, Commonwealth of Pennsylvania, residing at the above captioned address and at all times herein material Plaintiff, **Levonya Bond,** was caused to be injured due to the negligence of the Defendants.

     2.     Defendant, **Walmart,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease the certain real premises more particularly described hereinafter wherein Plaintiff, **Levonya Bond,** was caused to sustain injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to monitor, manage, control and

Case ID: 231202770

instruct all personnel at a certain **Walmart** store located at and/or near 1000 Easton Road, #200, Wyncote, PA 19095, including the inside premises, floors, and/or shopping area**,** and all personnel at the store.

3. Defendant, **Walmart Stores Inc.,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease the certain real premises more particularly described hereinafter wherein Plaintiff, **Levonya Bond,** was caused to sustain injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to monitor, manage, control and instruct all personnel at a certain **Walmart** store located at and/or near 1000 Easton Road, #200, Wyncote, PA 19095, including the inside premises, floors, and/or shopping area**,** and all personnel at the store.

4. Defendant, **Walmart Stores East L.P.,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease the certain real premises more particularly described hereinafter wherein Plaintiff, **Levonya Bond,** was caused to sustain injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to monitor, manage, control and instruct all personnel at a certain **Walmart** store located at and/or near 1000 Easton Road, #200, Wyncote, PA 19095, including the inside premises, floors, and/or shopping area**,** and all personnel at the store.

5. Defendant, **John Doe**, is a fictitious individual and/or entity meant to represent an employee, agent and/or servant of Defendants(s) who is a individual and/or entity, who otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein.  After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

6. At all times herein material, Defendants were either acting individually and/or on each other's behalf and/or by and through their/its/her/her duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/her/its employment and in the furtherance of each of the Defendants' businesses and affairs.

7. On or about February 19, 2022, Defendants did individually, jointly and/or severally own, and/or possess, and/or maintain, and/or control certain real property and retail store located at and/or near 1000 Easton Road, #200, Wyncote, PA 19095, including the inside premises, floors, and/or shopping area, and all personnel at the store. at the premises commonly known as **Walmart**.

8. On or about February 19, 2022, Plaintiff, **Levonya Bond,** was a shopper and business invitee at Defendants' store located at 1000 Easton Road, #200, Wyncote, PA 19095.

9. On the aforesaid date, and for a long time prior thereto, there did exist, a hazardous condition on the floor, which consisted of a irregularity, defect, object, trip hazard, plastic wrap, plastic bag, hard piece of plastic and/or a plastic strapping (hereinafter collectively also referred to as dangerous condition) which was left unattended by the Defendants, notwithstanding notice and inspection of this dangerous and hazardous condition by its/their employees, which condition presented an unreasonable risk of harm, a snare, trap, obstruction and impediment to business invitees such as Plaintiff, **Levonya Bond**.

10. Defendants' employee, agent, servant and/or bailee failed to see and clean up the dangerous condition prior to Plaintiff coming into contact with it and falling thereby causing her to be injured.

11. Plaintiff, **Levonya Bond**, avers that the Defendants did not have proper policies in place for cleaning up trash and/or plastic remains and/or plastic strapping and/or trip hazards from the premises.

12. It is believed and therefore averred that Defendants employee, agent, servant and/or bailee failed to clean the floor and/or remove the dangerous condition and/or plastic and/or trip hazard from the floor prior to the incident.

13. At the aforementioned time and location, Plaintiff was lawfully proceeding on foot inside Defendants' premises, and when the Plaintiff came in contact with a irregularity, defect, object, plastic wrap, plastic bag, hard piece of plastic and/or a plastic strapping, Plaintiff, **Levonya Bond,** was caused to slip

and/or twist and/or become entangled in and/or fall violently to the ground striking various parts of her body, all of which caused Plaintiff to sustain severe and permanent injuries and damages.

14. At all times herein material, Defendants left a plastic object on the floor of the aforementioned premises, and Plaintiff, **Levonya Bond**, was caused to slip, twist, trip, stumble, become entangled in, and/or fall when she came into contact with it which did cause injuries and damages.

15. Plaintiff avers that the aforesaid dangerous condition on the floors in and/or on the real property was dangerous, apparent, open and known to the Defendants, but Defendants failed to correct said condition, and said dangerous condition had existed for a sufficient length of time prior to the aforesaid occurrence involving Plaintiff, **Levonya Bond**, for the Defendants to have had actual and constructive knowledge or notice thereof.

16. Plaintiff, **Levonya Bond**, avers that the Defendants knew and/or in the exercise of reasonable care should have known of the dangerous condition, prior to the incident and that the Defendants had a duty to inspect, maintain, repair and/or otherwise correct and remove the aforementioned dangerous condition but had failed to properly do so.

17. At all times herein material and relevant, the situs of the incident and real property where the dangerous condition existed was in the control, supervision, possession, and use by the Defendants.

18. On the aforesaid date, and for a long time prior thereto, there did exist, on the floor of the premises as previously described, an irregularity, defect, object, plastic wrap, plastic bag, hard piece of plastic and/or a plastic strapping, (hereinafter and hereinbefore collectively also referred to as dangerous condition), which dangerous condition presented an unreasonable obstruction and impediment to the passage of pedestrian traffic at the Defendants' location, and the defect and dangerous condition presented an unreasonable risk of harm to business invitees such as Plaintiff, **Levonya Bond**.

19. Plaintiff avers that the aforesaid defect and/or otherwise dangerous condition was apparent, open and visible to the Defendants, and existed for a sufficient length of time prior to the aforesaid occurrence for the Defendants to have had actual and constructive knowledge thereof.

20. All of the Defendants had a duty to maintain, repair, remove and/or otherwise correct the aforementioned dangerous condition but had failed to properly do so, which dangerous condition caused Plaintiff, **Levonya Bond**, to fall as Plaintiff was walking and shopping at the Defendants' store.

21. The aforesaid incident was caused solely by the carelessness, recklessness and negligence of the Defendants and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

22. Plaintiff, **Levonya Bond**, avers that the carelessness, recklessness and negligence of the Defendants, individually, jointly and/or severally, consisted, of the following:

- a) failing to place warnings or signs near the dangerous condition;
- b) permitting the existence of the said object and/or hazardous condition and/or plastic to remain on the floor, which constituted a dangerous condition on the premises aforesaid;
- c) failing to warn or otherwise notify the Plaintiff, and others similarly situated, of the said hazardous condition and/or otherwise dangerous condition;
- d) creating a dangerous condition on the floor;
- e) disregarding the rights, safety and position of the Plaintiff herein and others similarly situated;
- f) failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition after being put on notice of same;
- g) failing to maintain the store and keep it in a safe condition so as not to constitute a snare, trap, obstruction, hazard or impediment to its visitors and business invitees such as Plaintiff lawfully on the premises;
- h) failing to properly and adequately inspect the said area to ascertain the existence of the dangerous and hazardous condition which existed;
- i) failing to properly exercise their/its duty of supervision and control;
- j) failing to provide adequate warning signs;
- k) failing to properly and adequately correct the hazardous, dangerous and unsafe condition of the area;
- l) being otherwise careless, reckless and negligent;
- m) failing to exercise due care under the circumstances;

n) allowing the plastic strapping and/or other object to remain on the floor for an unreasonably long period of time;

o) failing to clean and/or remove trash and/or plastic from the floor;

p) failing to inspect the floors;

q) failing to use the required degree of due care for business invitees such as plaintiff;

r) being otherwise negligent as may be more fully revealed during discovery or at the time of trial of this matter;

s) failing to place barricades and/or barrels and/or barriers to prevent access where the dangerous condition existed;

t) failing to properly instruct its agents, servants, workmen, employees, representatives, business associates and/or contractors;

u) failing to properly maintain the premises and failing to properly maintain and/or remove plastic from the floors;

v) failing to warn or otherwise notify the Plaintiff, and others similarly situated of the said defective or otherwise dangerous condition;

w) disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

x) failing to keep clean and maintain the said inside premises, aisle, floors and inside floors used by pedestrians in a condition that would protect and safeguard persons such as the Plaintiff lawfully situated thereon;

y) failing to clean the slippery object, plastic strapping and/or other plastic from the floor;

z) failing to mop the floor to remove the slippery object;

AA) failing to close off the area where the wet slippery object and/or oil existed;

BB) failing to fix leaks in the area;

CC) failing to have any warning signs;

DD) failing to provide a safe shopping environment for its customers such as Plaintiff, **Levonya Bond**;

EE) failing to properly train their/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

FF) failing to keep its floors clean and clear;

GG) Allowing a slippery object to remain on the floor, despite having actual notice, and knowing full well that shoppers could be injured;

HH) failing to implement proper policies for discovering and/or cleaning up plastic and/or other trash;

II) failing to have regularly regimented janitorial inspections;

JJ) failing to properly supervise her/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

KK) failing to remove the plastic object from the floor prior to plaintiff coming into contact with it and falling thereby causing plaintiff to sustain serious and permanent injuries;

LL) failing to maintain the said inside premises, checkout aisle floors, and inside floors used by pedestrians in a condition that would protect and safeguard persons such as the Plaintiff lawfully situated thereon;

MM) failing to watch for and clean up trash and/or litter by customers and/or employees;

NN) failing to keep its floors clear;

OO) disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

PP) failing to hire enough maintenance and/or janitorial staff;

QQ) failing to close off registers where trash was laid;

RR) allowing the slippery object to remain on the floor despite the fact that there were employees within mere feet of the hazard who could have cleaned it up;

SS) knowing that there was plastic on the floor, yet failing to clean it or place warning signs in the area despite knowing business invitees were walking in the area.

.

23. As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendants individually, jointly and/or severally, Plaintiff, **Levonya Bond,** has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, shoulders, chest, arms, hands, wrists, fingers, hips, legs, shins, knees and/or feet, and/or the bones, cartilages, ligaments, muscles, nerves, blood vessels and/or soft tissues attached thereto were fractured, herniated, wrenched, bruised, and otherwise injured, including but not limited to herniation at L4-S1,

lumbar spine sprain and strain, lumbar radiculitis, thoracic sprain and strain, myofascitis; she suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

24. Further, by reason of the injuries sustained by Plaintiff, **Levonya Bond**, she has suffered and will continue to suffer great mental anguish, physical pain, and she has been hindered and prevented from performing and engaging in her usual labor, employment, duties, occupations, household chores, and pleasures thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

25. Furthermore, Plaintiff, **Levonya Bond**, has required various hospital, physician and medical treatment and care, and consequently she has incurred hospital, physicians and medical bills and expenses in and about an effort to cure herself of the aforesaid injuries, and she shall be obliged to continue to obtain hospital and medical treatment and to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

26. As a direct and sole result of the accident, Plaintiff, **Levonya Bond,** has or may hereinafter incur other financial expenses and/or losses, and also loss of services and earnings and other items of damage all to her great and continuing detriment and loss, and a claim for which is hereby also made.

27. As a further result of the instant occurrence, Plaintiff, **Levonya Bond**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiff, **Levonya Bond**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT ONE**
**PLAINTIFF vs. WALMART**

28. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

29. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Levonya Bond,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Levonya Bond**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT TWO**
**PLAINTIFF vs. WALMART STORES INC.**

30. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

31. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Levonya Bond,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Levonya Bond**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT THREE**
**PLAINTIFF vs. WALMART STORES EAST L.P.**

32. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

33. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Levonya Bond,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Levonya Bond**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

## COUNT FOUR
## PLAINTIFF vs. JOHN DOE

34. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

35. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Levonya Bond,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Levonya Bond**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.


**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

By: **/s/** Louis B. Himmelstein
    LOUIS B. HIMMELSTEIN, ESQUIRE
    Attorneys for Plaintiff

Case ID: 231202770

**VERIFICATION**

The undersigned, hereby deposes and says that the facts set forth in the attached pleading are true and correct to the best of my knowledge, information and belief; and I realize that statements made herein are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

DocuSigned by:
[signature]
B7F462C2676D470...
_____

*Filed and Attested by the
Office of Judicial Records
26 DEC 2023 10:36 am
C. SMITH*

Case ID: 231202770